Rudolph Nissen, Respondent, v. Missouri Railroad Company, Appellant.

St. Louis Court of Appeals, December 8, 1885.

Damages—Personal Injuries—Practice—Street Cars.—In an action for personal injuries, caused by the handle of the brake on the front platform of a street car striking a passenger, it is not error to submit the question to the jury upon evidence that the passenger had gone upon the front platform for the purpose of leaving the car, but was not in the act of leaving when struck, where the statute provides that the railroad shall not be liable for injuries to "passengers occasioned by their getting off the car at the front platform."

Appeal from the St. Louis Circuit Court, W. H. Horner, Judge.

*Affirmed.*

Davis & Davis, for the appellant : The effect and intention of the act concerning street railroads, approved January 16, 1860, is that when the injury to the passenger is occasioned by his getting on or off the car at the forward platform, it shall be presumed as a matter of law that the negligence of the passenger himself contributed to produce the injury. *McKeon v. Citizens' R. Co.*, 42 Mo. 79 ; approved in *Burns v. Bellefontaine R. Co.*, 50 Mo. 139 ; following *Higgins' Guardian v. Hannibal & St. Jo. R. R. Co.*, 36 Mo. 418, 436.

A. R. Taylor, for the respondent.

Lewis, P. J., delivered the opinion of the court.

The plaintiff's wife was a passenger on a crowded street car of the defendant, when it stopped in its eastward trip on Market, between Fifth and Sixth streets, in the city of St. Louis. The "Veiled Prophet's" procession was about to pass along on Fifth street, and there was a general rush of passengers to get out at either end of the car. Mrs. Nissen first went to the rear door, but

finding it jammed with people, retreated to the front door and passed out on the platform intending to leave by that way. Here the handle of the brake, being suddenly released, flew around and struck her in the back, inflicting injuries. In this action the plaintiff recovered damages on the ground that the mishap was due to negligence in the driver of the car.

The jury, as it clearly appears from the instructions given, found that the injuries were directly caused by the driver's negligence in handling the brake. The defendant insists, however, that the judgment ought to be reversed because proper weight was not given to its defence presented in section nine of an act of the general assembly approved January 16, 1860, relating to certain railroad companies, including the defendant, which reads as follows: "Section nine. Said railroad companies shall not be liable for injuries to persons occasioned by their getting on or off the cars at the front or forward end of the car."

The defence might be available if it could be made to appear that Mrs. Nissen's injuries were "occasioned" by her getting off the car at the front end. But nothing in the testimony or in the verdict shows that such was the fact. She may have been intending to get off at the front end, but the terms of the act do not make this sufficient. The situation of the brake handle, as described, at the middle of the dash-board, made it impossible that it could strike her, if she was in the act of getting off down the steps at the side of the platform; and no other way appeared. The careless handling of the brake was wholly independent of Mrs. Nissen's acts or intentions. It was the direct means of the injury done, and was certainly not "occasioned" by anything that the passenger did. A man approaches a precipice with the suicidal intention of throwing himself off, but is killed by a murderous bullet while yet on the brink. Can it be said that his death was "occasioned" by a jump, or even the intention of a jump from the precipice? It is idle to argue from the proposition that, if Mrs. Nissen had pro-

ceeded to leave by the rear platform she would not have been hurt. Such an argument would justify any negligent, wanton, or malicious act of injury whatever. It could always be said that the victim would have escaped the infliction if he had been somewhere else. A locomotive engineer sees a man walking on the track in violation of law. May he, therefore, negligently or wilfully run him down without a wrong?

We find nothing amiss in the court's rulings on the testimony or the instructions, and the verdict had an ample support in the evidence.

The judgment is affirmed, with the concurrence of all the judges.